[No. 11331.  Department Two.  January 24, 1914.]

C. M. BARBRE, *Respondent*, v. H. J. HIBSCHMAN *et al.*,
*Appellants.*[1]

TRIAL—FINDINGS OF FACT—SUFFICIENCY.  In an action upon a
promissory note a finding of fact that the note was executed upon
"a valuable consideration," is not objectionable as too general, on
a request for specific findings; it not being necessary to set out in
the findings what the consideration consisted of.

Appeal from a judgment of the superior court for Spokane
county, Blake, J., entered April 9, 1913, upon findings in
favor of the plaintiff, in an action on contract tried to the
court.  Affirmed.

*H. J. Hibschman* and *E. D. Reiter*, for appellants.

*Smith & Mack*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to
recover upon a promissory note.  The defense pleaded was
want of consideration for the note.  The cause was tried to
the court without a jury, and the court made findings of fact,
one of which is as follows:

"That on November 5, 1910, the defendant H. J. Hibsch-
man, for a valuable consideration, made, executed, and de-
livered to the plaintiff that certain promissory note, . . ."

A judgment was entered in favor of the plaintiff for the
amount of the note, with interest.  The defendants have ap-
pealed.

[1]Reported in 137 Pac. 997.

The appellants argue but one point, to the effect that it was the duty of the court, upon request of the appellants, to make a specific finding of the facts constituting the consideration. It is argued that the finding "for a valuable consideration," is too general. If we concede that it was the duty of the court to make findings of fact, separately stated, it is too plain for argument that the finding in this case was sufficient. It was clearly not the duty of the court to set out in the findings what the consideration consisted of, whether money, property, services, or other things of that character. The finding that the consideration was a valuable one, is the ultimate fact, and was clearly sufficient.

No statement of facts is brought here, and it is therefore impossible for this court to determine whether the court erred in concluding that the consideration was a valuable one or not. There is no merit in the appeal. The judgment is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.