[No. 15001. Department Two. January 24, 1919.]

DAVID TYRELL, *Appellant*, v. R. H. LEEGE *et al.*,
*Respondents.*[1]

MUNICIPAL CORPORATIONS (383)—USE OF HIGHWAY—CONTRIBUTORY
NEGLIGENCE—COLLIDING WITH AUTOMOBILE. One riding a bicycle
near the middle of a city street in the daytime, with a plain view
ahead for several blocks, is guilty of contributory negligence, as a
matter of law, in failing to see and in colliding with an automobile,
driven in a straight line in the opposite direction, there being no
other vehicle near.

APPEAL (432)—REVIEW—HARMLESS ERROR—PARTY NOT ENTITLED
IN ANY EVENT. In an action for negligence, error in excluding
evidence as to defendant's negligence is harmless where the plaintiff
was guilty of contributory negligence as a matter of law.

SAME (263, 276)—RECORD—EVIDENCE—NECESSITY. Error cannot
be predicated on the refusal to reopen a case for further evidence,
where the record does not disclose the nature of the evidence or
show any abuse of discretion.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered February 19, 1918,
upon granting a nonsuit, dismissing an action for personal
injuries sustained through a collision with an
automobile. Affirmed.

*J. Y. Kennedy* and *W. H. Mason,* for appellant.
*John L. Samsel,* for respondents.

PARKER, J.—The plaintiff Tyrell seeks recovery of
damages for personal injuries which he claims resulted
to him from the negligence of the defendant Leege
in the driving of an automobile for the marital community
of himself and wife. The case proceeded to
trial in the superior court sitting with a jury. At
the conclusion of the evidence introduced in behalf of
plaintiff, counsel for defendants moved for a non-

[1]Reported in 178 Pac. 467.

suit, upon the ground that the evidence failed to show negligence on the part of the defendants, and that it showed plaintiff's injuries to be the result of his own contributory negligence, and asked the trial court to so decide, as a matter of law, and take the case from the jury, which motion was granted upon the ground that the evidence conclusively showed, as a matter of law, that plaintiff could not recover because of his own contributory negligence. From this disposition of the case, plaintiff has appealed to this court.

At the time appellant was injured, near the middle of the day, he was riding his bicycle east along, and near the middle of, Everett avenue, in the city of Everett. He had a plain view ahead of him for several blocks. He came in collision with an automobile being driven by respondent Leege in the opposite direction, at a point near the center line of the avenue. The evidence tends to show that Leege was, in some measure, negligent, in that he was driving, at a possibly slightly excessive rate of speed, near, or possibly a little to the south of, the center line of the avenue; but there is no evidence indicating that he was negligent in any other respect. It is plain that he was driving, in a comparatively straight direction, towards the west along the avenue, and in such a manner that one seeing his machine approaching would not be deceived as to the course he was taking, or would probably continue in taking. There was no other vehicle upon the avenue near the place of the collision at that time. Appellant testified that he did not see any automobile or vehicle approaching him from the east until the moment he was struck by respondents' automobile and received the injuries for which he seeks recovery, although riding his bicycle east along the avenue practically on a line on which respondents' automobile was

approaching from the east. The testimony of appellant's witnesses is in harmony with his own, except they did not pretend to say that he did, or did not, actually see respondents' automobile approaching. Upon these facts, which we think the testimony of appellant and his own witnesses conclusively shows to have existed at the time, counsel for appellant contend that the court erred in deciding, as a matter of law, that he was guilty of contributory negligence precluding recovery. While this is the principal ground relied upon by counsel for reversal, it is but very briefly argued. We are of the opinion that the court correctly held, as a matter of law, that he was guilty of contributory negligence resulting in his injuries, and therefore could not recover, even conceding that respondent Leege was in some degree negligent. *Borg v. Spokane Toilet Supply Co.,* 50 Wash. 204, 96 Pac. 1037, 19 L. R. A. (N. S.) 160.

Some contention is made in appellant's behalf that the court erred in excluding certain offered evidence. We think it sufficient to say, in answer to this contention, that the evidence so offered and excluded would, in no event, have called for a different decision by the trial court, since it only related to respondents' alleged negligence, and did not show any different situation than as above stated by us. Its exclusion was, therefore, not prejudicial to appellant's rights.

Some contention is made that the court erred in refusing to reopen the case for the receiving of further evidence in appellant's behalf, after ruling upon the motion and before the entry of final judgment in accordance therewith. The record is not sufficient to enable us to tell whether or not the court abused its discretion in this respect, since it does not appear what the nature of the evidence was which was sought

to be introduced, nor what excuse was relied upon for not introducing it before the court ruled upon the motion for nonsuit.

Counsel for respondent have moved to strike the statement of facts, because of alleged irregularities in the settling of the same by the court. The record seeming to us to so plainly demonstrate the correctness of the court's disposition of the case upon the merits, we have concluded to rest our affirmance of the judgment thereon. This renders it unnecessary to notice the motion to strike the statement of facts.

The judgment is affirmed.

MOUNT, MAIN, FULLERTON, and HOLCOMB, JJ., concur.