[No. 17580.   Department One.   April 27, 1923.]

STEPHEN F. FLOE, *Respondent,* v. A. L. ANDERSON,
*Executor of the Estate of Laura Floe,
Deceased, Appellant.*[1]

WITNESSES (44) — COMPETENCY — TRANSACTIONS WITH PERSON
SINCE DECEASED. A plaintiff who sues the personal representative
upon an obligation of his decedent is not within the bar of the
statute, Rem. Comp. Stat., § 1211, as to transactions with the de-
cedent, in testifying that certain payments to third persons were
made by him as the agent and for the benefit of the decedent.

SAME (49)—TRANSACTIONS WITH DECEASED—WAIVER OF OBJECTION.
The protection of Rem. Comp. Stat., § 1211, excluding parties in in-
terest from testifying as to transactions with decedent, is waived
where the decedent's personal representative called the adverse
party as a witness and had him testify that he was acting as agent
for the decedent, thereby making admissible cross-examination as
to the capacity in which he was acting.

BILLS AND NOTES (142) — PAYMENT — EVIDENCE — SUFFICIENCY.
Whether a payment was made on decedent's note so as to toll the
statute of limitations, is a question for the jury, where the note
bore the indorsement of a payment as interest to date, signed by
the plaintiff under a date long prior to the running of the statute,
and a disinterested witness testified that he saw the indorsement
made by plaintiff at that time, when the parties had a settlement,
the date also being the date of second note then given by decedent.

NEW TRIAL (34)—GROUNDS—NEWLY DISCOVERED EVIDENCE—DIS-
CRETION OF COURT. A motion for a new trial on the ground of newly
discovered evidence, controverted and explained, is addressed to the
sound discretion of the trial judge, and will not be disturbed, ex-
cept for abuse.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered March 30, 1922,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on promissory notes. Affirmed.

*Cooley, Horan & Mulvihill,* for appellant.
*Newton & Newton,* for respondent.

[1]Reported in 214 Pac. 827.

MITCHELL, J.—The complaint states two causes of action, each upon a promissory note signed by Laura Floe. The notes were presented to and rejected by the executor of her estate. The answer to the first cause of action denied the execution of the note and affirmatively plead that the note was barred by the statute of limitations. The answer to the second cause of action denied the execution of the note. Further, by way of counterclaim and cause of action, the answer set up that the plaintiff, as agent for Laura Floe, had collected rents and insurance money belonging to her in the sums of $212.50 and $1,277, which it was alleged he had not accounted for. The affirmative matters of the answer and the cross-complaint were denied by the plaintiff. The case was tried by a jury, and at the conclusion of all the testimony the defendant demanded a nonsuit as to the first cause of action, claiming the evidence was insufficient to sustain a verdict for the plaintiff and that the evidence showed that the note was barred by the statute of limitations. The motion was denied. The verdict was for the plaintiff on both causes of action. Defendant moved for judgment as to the first cause of action notwithstanding the verdict, and for a new trial on the grounds of newly discovered evidence. Both motions were denied, and defendant has appealed from a judgment on the verdict.

The first assignment is that there was error in permitting respondent to testify as to the capacity in which he made certain payments to third parties and to show by his testimony that such payments were made for the benefit of Laura Floe, his principal. The testimony questioned related to the appellant's counterclaim or cross-complaint, and the argument is that it violated § 1211, Rem. Comp. Stat., which provides that, where an adverse party sues or defends as execu-

tor, etc., then a party in interest or to the record shall
not be admitted to testify in his own behalf as to any
transaction had by him or any statement made to him
by any such deceased person. The respondent did not
testify to any transaction had by him or any statement
made to him by Laura Floe. The assignment does not
so specify, but by its plain terms questions his testi-
mony as to the capacity in which he made certain pay-
ments to third parties and that they were made for the
benefit of the decedent.

Further, it may be said that, if the testimony com-
plained of was under the ban of the statute, the appel-
lant is in no position to complain. It was brought out
under the cross-examination of the respondent after
the appellant, upon calling him as witness, had him
testify in direct examination that, acting as agent for
Laura Floe, he had received the rents and insurance
moneys. The statute may be waived as well as en-
forced. *Levy v. Simon,* 119 Wash. 179, 205 Pac. 426.
Or, as this court said in *Johnson v. Clark,* 120 Wash.
25, 206 Pac. 914, reaffirming what was said in *Robert-
son v. O'Neill,* 67 Wash. 121, 120 Pac. 684, "it would be
palpably unjust to permit the representative of a de-
ceased person to examine the opposing party on mat-
ters as to which the party would otherwise be incom-
petent to testify, and accept his testimony in so far as
it aids him and reject it in so far as it is adverse to
him. 'The logic of the cases is that the party who
invokes the protection of the statute must himself re-
spect it.' "

Assignments 2 and 3 raise the question of the suffi-
ciency of the evidence to show that a payment had been
made on the note mentioned in the first cause of action
so as to toll the statute of limitations. It was alleged
in the complaint that a payment had been made on the

note on June 7, 1917, the note having matured on November 1, 1913. The respondent was not permitted to testify that Laura Floe made the payment. However, the note as declared on in the complaint, and as it appeared when introduced in evidence, bore the entry or endorsement: "On June 7, 1917, received $252.92 as interest to date on within note. Stephen S. Floe." The testimony is entirely satisfactory that for some years at that time the respondent had been acting as agent for Laura Floe; and a disinterested witness testified that, on June 7, 1917, the respondent had a settlement with Laura Floe, and that he saw the respondent on that date make the endorsement on the note of the payment of interest to that date. It is noteworthy, in this connection, that it was on that same date that Laura Floe gave the note mentioned in the second cause of action, the integrity of which seems to be no longer questioned by the appellant, so far as the merits are concerned, since the proof concerning it was submitted to the jury. If the endorsement of the payment of interest stood alone and was unsupported by evidence as to the time and circumstances of the making of it, a more serious question would be presented, but, the endorsement having been made long before an action on it was barred, and under the other circumstances testified to, it was for the jury to say whether or not the payment was made. *Haver v. Schwyhart,* 39 Mo. App. 303; *Mills v. Davis,* 113 N. Y. 243, 21 N. E. 68, 3 L. R. A. 394; Ann. Cas. 1913A 1223-1224; 17 R. C. L. 932.

Lastly, it is claimed a new trial should have been granted on the ground of newly discovered evidence. The affidavits supporting the motion were controverted and explained by those on behalf of the respondent, some of which were made by the same parties who

made affidavits for the appellant. The situation presented, under the well recognized rule, was one addressed to the sound discretion of the trial court, which we think was not abused in denying the motion.

Affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.