[No. 18148.  Department Two.  December 9, 1924.]

NORTH PACIFIC PUBLIC SERVICE COMPANY, *Appellant,* v.
G. L. CARTER *et al., Respondents.*[1]

APPEAL (418)—REVIEW—FINDINGS IN ACTIONS AT LAW. It cannot
be said that findings on closely conflicting evidence in an action at
law are not supported by the record, where the court heard and
saw the witnesses and viewed the premises.

NEW TRIAL (35)—NEWLY DISCOVERED EVIDENCE—DILIGENCE. A new
trial for newly discovered evidence is properly denied, when it
could have been discovered before the trial by the use of diligence.

DAMAGES (64)—BREACH OF CONTRACT—MODE OF ESTIMATING. The
damages sustained by reason of a breach of contract to furnish
electric current to a dwelling house, held not to have been within
the reasonable contemplation of the parties (PEMBERTON, J., dissent-
ing).

Appeal from a judgment of the superior court for
Kitsap county, French, J., entered April 9, 1923, upon
findings in favor of the defendants, in an action on
contract, tried to the court. Affirmed in part and re-
versed in part.

*F. W. Moore, H. E. Gorman (T. L. Stiles* of coun-
sel), for appellant.

*Greenwood & Briggs,* for respondents.

MAIN, C. J.—The plaintiff brought this action to re-
cover a balance claimed to be due for electric current
furnished by it. The defendants denied the material
allegations of the complaint and, by cross-complaint,
sought recovery of damages, claiming that the plaintiff
had breached its contract in refusing to continue to
furnish electric current for lighting and domestic
purposes. The cause was tried to the court without
a jury, and resulted in findings of fact, conclusions of
law, and a judgment denying to the plaintiff any re-

[1]Reported in 230 Pac. 849.

covery, and awarding to the defendants, upon their cross-complaint, damages in the sum of $310. From this judgment, the plaintiff appeals.

The appellant is a public service corporation, engaged in furnishing electricity for lighting and domestic uses to the inhabitants of the cities of Bremerton and Charleston, in this state. The respondents are the owners of a three-room house in the city of Charleston. On the 14th day of February, 1920, the appellant contracted with the respondents to furnish them electric current, and thereafter installed a meter to measure the current used. From time to time, readings were made of the meter and payments made by the respondents for the amount stated to be due by the appellant. In the course of time, the appellant became suspicious that the meter had been tampered with, and was not registering the correct amount of current used by the respondents. Thereupon it caused a check-meter to be installed on a pole about one hundred feet distant. This remained for two or three months, when it was removed. Based upon the readings of the check-meter, the appellant sought recovery for the excess which it claimed the meter in the house of the respondents did not register during the time that it was installed therein. The appellant, at or about the time it removed its check-meter, took from the house of the respondents the meter which it had installed therein, and refused to longer supply them with electric current. The respondents claimed that this was a breach of the contract and sought recovery in damages, which the court allowed in the amount above stated.

The first and primary question is whether the meter had been tampered with. This is the issue upon the complaint and the denials thereto. The evidence is directly conflicting, and it would serve no useful purpose to review it in detail. The trial court specifically

found that the respondents had not done "anything which would tend to defraud the company of any current." Upon the facts, it must be admitted that the case is a close one, and had we been able to hear the witnesses testify orally, we might have reached a different result from that arrived at by the trial court. We cannot say, however, from the record, that the findings are not supported by a preponderance of the testimony. The trial court not only observed and heard the witnesses, but visited the premises to observe whether the meter introduced in evidence was the one which had been attached to the premises.

The appellant made a motion for a new trial, one of the grounds for which was newly discovered evidence and supports this with the affidavit of the manager of appellant company. But the evidence which it is claimed is newly discovered is not such that it could not have been discovered before the trial by the exercise of reasonable diligence. The court, in denying the new trial, did not commit error.

The recovery of damages allowed on the cross-complaint cannot be sustained. The general rule is that damages for breach of a contract are such as arise in the natural course of things, or such as may have reasonably been supposed to have been contemplated by the parties when entering into the contract as a probable result of its breach. The respondents have cited no authorities which would sustain a holding that the items of damage were within the scope of this rule, and in the limited time that we have had to investigate the question, we have been unable to discover any.

The judgment of the trial court in dismissing the action upon the complaint is affirmed. The judgment awarding damages on the cross-complaint is reversed.

MITCHELL, BRIDGES, and FULLERTON, JJ., concur.

PEMBERTON, J. (dissenting)—A power company is liable in damages for the violation of its contract to deliver electric current to its customers under the general rules allowing damages for a breach of contract to deliver any other commodity.

"In accordance with the general rules as to damages for torts or breaches of contract, compensation for the actual loss proximately caused thereby is the measure of damages for a wrongful failure or refusal to supply electric current,    .    .    ." 20 C. J. 339.

Under one of the notes in this section the case of *Birmingham R. L. & P. Co. v. Littleton,* 201 Ala. 141, 77 South 565, is cited, wherein it is held that an applicant for electric service to whom service was denied may recover the cost of wiring his dwelling for such service.

Relying upon the agreement of appellant to furnish electric current the respondents wired their dwelling house and two chicken houses and purchased an electric range and other electrical equipment at a total cost of $503. The trial court found that at the time of the removal of the meter the appellant removed material belonging to respondents in the value of $65 and by reason of the failure of appellant to furnish electricity respondents were required to install a private lighting plant for their premises. The equipment formerly purchased could not be used by respondents in connection with this private lighting plant and being useless to them the trial court found that it depreciated in value in the amount of $245 making the total damages to respondents for the violation of the contract in the amount of $310. There can be no question but what it was within the contemplation of the parties to the contract that respondents should wire their buildings and purchase the necessary electrical equipment in order to use the electric current to be

furnished by appellant. This theory is supported by the fact that the supplies were purchased from appellant. For the failure on the part of the appellant to furnish the electric current provided in the contract respondents were clearly under the authorities entitled to these damages.

Otherwise I concur in the opinion.