[No. 18930. Department One. March 6, 1925.]

EMILY M. BOH, *Appellant*, v. DERRICK W. BOH, *Respondent*.[1]

DIVORCE (82)—TRIAL (154)—FINDINGS OF FACT — SUFFICIENCY. Insufficiency in detail in the findings is not prejudicial error, in the absence of a request for specific findings.

DIVORCE (50-1)—INTERLOCUTORY ORDER—CONCLUSIVENESS—MATTERS OCCURRING AFTER ENTRY. An interlocutory decree of divorce is not a bar to subsequent action for divorce or *res adjudicata* as to anything that occurred after its entry.

APPEAL (263)—RECORD—STATEMENT OF FACTS. In the absence of a statement of facts, the court cannot review the evidence.

Appeal from an order of the superior court for King county, Ralston, J., entered December 21, 1923, upon findings in favor of the defendant, granting an interlocutory decree of divorce, tried to the court. Affirmed.

[1]Reported in 233 Pac. 648.

*Van C. Griffin,* for appellant.

*W. E. Heidinger* and *Griffin & Griffin,* for respondent.

PARKER, J.—This is an appeal by the plaintiff, Emily M. Boh, from an interlocutory order of divorce granted by the superior court for King county to the defendant, Derrick W. Boh, upon his cross-complaint.

In March, 1922, the plaintiff commenced, in the superior court for King county, an action seeking a divorce from the defendant upon the grounds of cruelty and personal indignities. That case proceeded to trial, resulting in the entry of an interlocutory order on May 4, 1922, declaring that the plaintiff was then entitled to a divorce as prayed for; and reciting that the property rights of the parties had been settled between themselves. Thereafter the parties became reconciled, reassumed their marriage relations and joined in an application to the court to have the interlocutory order set aside and that case finally dismissed. An order was accordingly entered by the court on August 5, 1922. It may be well doubted that any of these facts are properly of record in the case here on appeal. However, we shall so assume, as counsel for the plaintiff does in his argument.

On July 10, 1923, some eleven months after such dismissal of that case, the plaintiff again commenced in the superior court for King county this action, seeking a divorce from the defendant upon the grounds of cruelty and personal indignities. The defendant filed his cross-complaint, charging plaintiff with cruelty and personal indignities, and prayed that a divorce be granted to him upon those grounds. The case proceeded to trial upon the issues so made, which also included issues with respect to their property rights. Findings and an interlocutory order adjudicating the

defendant to be entitled to a divorce upon his cross-complaint were duly made and entered by the court on December 21, 1923, which order also disposed of the respective property rights of the parties; that is, making division of the property and providing for the payment of certain sums of money from the defendant to the plaintiff. It is from this interlocutory order that this appeal is prosecuted.

It is first contended that the court erred to the prejudice of the plaintiff in failing to make specific findings as to the separate value of each tract and parcel of property in question and disposed of by the interlocutory order, to the end that this court, as it is argued, could determine, without having the evidence before it in the form of a certified statement of facts, as to whether or not the trial court had made a just and equitable division of the property. No such findings were requested. We are at a loss to understand how such specific findings of values of the separate tracts and parcels of property would be determinative of what would be a just and equitable division of the property. Section 989, Rem. Comp. Stat. [P. C. § 7508], reads in part as follows:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, . . ."

Not having before us any statement of facts, we would not be enabled to measure the respective merits of the parties or the condition in which they will be left by the separation, by being advised as to the values of the respective portions of the property awarded to each by the interlocutory order. It is true, were such findings made, we might be able to see that one was

awarded a larger portion of the property than the other, but that would not argue that such award was not just and equitable as between the parties. We see no prejudicial error in the failure of the court to make such specific findings. Counsel seem to rely upon the apparent mandatory words of the statute, § 988, Rem. Comp. Stat. [P. C. § 7507], that "at the conclusion of the trial the court must make and file findings of fact and conclusions of law." We think that this does not mean that the court is bound to find such detailed facts as to separate values of each tract and parcel of property, in the absence of any request for such findings. *Ballard v. Collins,* 63 Wash. 493, 115 Pac. 1050; *Barbre v. Hibschman,* 77 Wash. 563, 137 Pac. 997.

Some contention is made in behalf of the plaintiff rested upon the interlocutory order declaring the plaintiff entitled to a decree of divorce, entered in the previous action on May 4, 1922. The argument seems to be that such order became *res judicata* and should be continued to be so recognized in this case. Even if we should assume that order to be *res judicata* and the plaintiff entitled to treat it as such, notwithstanding the voluntary final dismissal of that case, it is to be remembered that it was entered more than a year before the trial of this case, and it is easy to see that the court in this case may have been fully warranted in granting the divorce to the defendant by reason of causes that arose after the entering of that interlocutory order. We have no statement of facts here advising us otherwise. It is, therefore, unnecessary for us here to decide as to what extent, if at all, that interlocutory order is *res judicata.* It is at least certain that it is not *res judicata* as to anything occurring after its entry. *State ex rel. Morris v. Superior Court,* 128 Wash. 496, 223 Pac. 583.

Some further argument is here made in behalf of the plaintiff which we are unable to see is other than argument that the evidence does not support the findings and order. Plainly, we are not enabled to entertain this argument, in the absence of a certified statement of facts advising us as to what the evidence before the court was.

The order appealed from is affirmed.

TOLMAN, C. J., ASKREN, BRIDGES, and MAIN, JJ., concur.