[No. 20783. Department One. October 31, 1927.]

EDITH E. KELLEY, *Appellant*, v. JAMES COMPTON *et al.*,
*Respondents.*[1]

[1] APPEAL (112, 129) — PRESERVATION OF GROUNDS — NECESSITY OF
OBJECTIONS AND REQUESTS FOR INSTRUCTIONS. Error cannot be
assigned, or a new trial demanded, on failure of the court to
decide, as a matter of law, and instruct, that the jury return a
verdict for plaintiff, in the absence of any request therefor.

Appeal from a judgment of the superior court for
Lewis county, Hewen, J., entered January 18, 1927,
upon the verdict of a jury rendered in favor of the de-
fendants, in an action for false imprisonment. Af-
firmed.

*Edith E. Kelley,* for appellant.

*Delos Spaulding,* for respondents.

PARKER, J.—The plaintiff, Miss Kelley, seeks recov-
ery of damages, for false imprisonment, from the de-
fendants Compton and others, police officers of the city
of Centralia. A trial upon the merits in the superior
court for Lewis county, sitting with a jury, resulted in
verdict and judgment denying her recovery, from
which she has appealed to this court.

The principal contention here made in behalf of ap-
pellant is that the trial court erred in denying her mo-
tion for a new trial, in that she was, upon the evidence,
entitled, as a matter of law, to a verdict awarding her
at least nominal damages; that is, that the evidence
conclusively showed that her arrest and detention was
unlawful, and that the trial court should have so de-
cided, as a matter of law. The argument seems to be
that the trial court should have so decided and in-
structed the jury, leaving to the jury only the question

[1]Reported in 260 Pac. 530.

of the amount of damages suffered by appellant. This record does not in any manner show that any request for such a decision or instruction was made at any time prior to the rendering of the verdict against appellant. Plainly, we think, the trial court, not having been timely requested to so decide and instruct the jury, cannot now be held to have erred in not so deciding and instructing the jury.

Several other trial errors are assigned and briefly argued in behalf of appellant. We have carefully examined all of these and deem it sufficient to say that we do not consider any of them as constituting reversible error calling for a new trial.

We have assumed, in our examination of the case, that appellant's motion for new trial was timely made, by virtue of the court impliedly granting an extension of time therefor, though there was but meager showing for any such extension of time and no formal order therefor beyond the two day limitation prescribed by Rem. Comp. Stat., § 402 [P. C. § 8229].

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, MITCHELL, and FRENCH, JJ., concur.