[No. 22508. Department One. November 18, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY G. BENGSTON, *Appellant.*[1]

*Henry Clay Agnew,* for appellant.

*Ewing D. Colvin, Robert M. Burgunder,* and *Ben A. Maslan,* for respondent.

TOLMAN, J.—Appellant was convicted of the crime of abortion and was sentenced to serve six months in the county jail.

But two errors are assigned, namely: The overruling of a challenge to the sufficiency of the evidence, and the overruling of a motion for a new trial.

No good purpose would be served by setting out and analyzing the facts as shown by the testimony. It is sufficient to say that, after a careful consideration of the whole statement of facts, we are convinced that there was ample evidence to carry the case to the jury.

The second question, in addition to the sufficiency of the evidence, also embraces the matter of the absence of a witness thought to be material to the defense.

Appellant was a sanipractor and maintained an office

[1]Reported in 292 Pac. 1107.

in the city of Seattle in which he received and treated those who sought his professional services. The vital issues of fact concerned what actually occurred in his office on the afternoon or evening of November 14, 1928, and the morning of the day following. The state seemingly contended that the crime was actually committed by the appellant in his office on the afternoon or evening of November 14; while he defended upon the theory that the woman seen in his office on the 14th was not the woman upon whom an abortion was performed, and that the woman operated upon came to his office for the first time after the illegal operation had been performed upon her, on the morning of November 15, at which time she was in a dying condition.

When arrested the appellant was questioned and said that the woman seen in his office on the evening of the 14th was a certain named patient of his. That woman testified before the coroner's jury, first, in support of appellant's theory, that she was the woman seen in his office at the time in question, but later admitted her error and testified that she was in appellant's office on the evening of November 13, but was not there on November 14. This situation was freely admitted by the appellant upon the trial of this case, he claiming that both he and the witness were at first honestly mistaken in the matter.

Upon the trial of this case, appellant testified that the woman seen in his office on November 14 was a certain person whom he at first designated as "Miss X," but later fully identified. We shall, for obvious reasons, refer to this woman, who was the missing witness, as "Miss X." According to the statement of facts, when the state rested, the first thing done by the defense was to call as a witness a deputy sheriff, the narrative of whose testimony is given as follows. We quote the whole of what is shown by the statement of

298

facts, only striking therefrom the name of the witness and substituting "Miss X" therefor.

"I am a deputy sheriff of King county, Washington. I was given a subpoena to serve on the witness 'Miss X' sometime ago.

"She had been registered at the Caledonian Hotel in Seattle; she had moved out, and left no forwarding address, and, after searching for her and making use of all information we could find, we were unable to serve the subpoena."

Thus it appears that, at and before the time when appellant was called upon to offer his defense, he was advised that the subpoena had not been served upon this witness, and was in a position then to offer proof of what he believed the witness would testify to if present, and to present any facts known to him which might be a basis for a continuance. Nothing whatever of this kind was done, and the case proceeded and was submitted without any suggestion that the witness was a material one, that any diligence had been used to procure her attendance or that her attendance might be procured if a continuance were granted.

In support of the motion for a new trial, several affidavits were introduced tending to show diligence in an effort to procure the attendance of the witness and what her testimony would have been or would be upon a new trial. These, perhaps, would have been sufficient to obtain a continuance if presented when the facts first became known, but that is not the question now to be decided.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and his ruling will not be disturbed except it clearly appears that he abused that discretion. *Floe v. Anderson,* 124 Wash. 438, 214 Pac. 827; *State v. Dinas,* 129 Wash. 75, 224 Pac. 597.

A showing of diligence is always necessary in such cases. *North Pacific Public Service Co. v. Carter,* 131 Wash. 587, 230 Pac. 849; *Bundy v. Dickinson,* 108 Wash. 52, 182 Pac. 947.

The claim must be promptly made and continuance asked. *Coffer v. Erickson,* 61 Wash. 559, 112 Pac. 643; *Anderson v. Bauer,* 121 Wash. 112, 208 Pac. 259, 213 Pac. 477.

It may well be doubted if this be newly discovered evidence under the rule in this state because, if this missing witness was in fact the woman who was in appellant's office at the time in question, he knew that fact from the beginning, and the non-service of the subpoena upon her was known to him before he was called upon to offer his defense. *State v. Hanson,* 133 Wash. 527, 234 Pac. 28.

The evidence this witness would have given would, of course, have been cumulative, and that feature has been discussed in some of the cases we have already cited, and, moreover, in the last cited case, it was held that such evidence, in order to warrant the granting of a new trial, must be such as could reasonably be expected to change the results. No doubt the trial court considered that phase of the question also.

Being unable from our reading of the cold record to say that the evidence of the missing witness, if offered at a new trial, could reasonably be expected to change the result, and from the whole record, being unable to say that the trial court abused his discretion in the matter complained of, we must necessarily affirm the judgment.

Judgment affirmed.

MITCHELL, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.