[No. 26888. Department One. May 19, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. EUGENE F. SYLVIA *et al., Appellants.*[1]

[1]Reported in 79 P. (2d) 641.

*John F. Garvin,* for appellants.

*Joseph H. Johnston* and *John M. Wilson,* for respondent.

HOLCOMB, J.—An information was filed against appellants, Eugene F. Sylvia and Joe M. Sylvia, July 12, 1937, charging them with the crime of grand larceny on three counts.

The jury entered a verdict of guilty as charged in counts one and two, and not guilty as to the third count. Appellants were sentenced to serve a term of not more than fifteen years on each count, the sentences to run concurrently, and costs were taxed against them.

The first count accused appellants with taking and appropriating unlawfully to their own use, April 2, 1937, four saws, the value of which exceeded twenty-five dollars; the second count charged them with receiving and concealing, April 20, 1937, knowing the same to be stolen, two logging blocks, two loading hooks, 56 feet of ¾" crotch line, one 1½" screw shackle, and approximately 800 feet of ⅜" wire rope, valued at an amount in excess of twenty-five dollars; and the third count charged appellants with unlawfully receiving and concealing certain logging equipment.

Appellants entered a plea of not guilty and demurred to the information. The demurrer was overruled. A motion to set aside the information was also denied. Judgment and sentence were entered as above indicated, and an order was entered denying a new trial, from which this appeal was taken.

The several assignments of error advanced present only one question, namely, whether the trial court abused its discretion in refusing to grant a new trial.

Upon the presentation of a proposed bill of exceptions to the trial court for certification on November 2, 1937, respondent moved the court to require appellants to correct the proposed bill of exceptions or statement of facts by including therein the testimony of certain witnesses. November 9, 1937, the trial court entered an order in which he declined to certify the proposed statement of facts or bill of exceptions, because they did not contain all of the material evidence. The court directed that a complete statement of the testimony be included therein. January 13, 1938, an order was entered by the trial court in which he declined to certify an amended bill of exceptions, upon their being objected to by the prosecuting attorney because the same was inadequate and inaccurate.

Several extensions of time for the filing of the statement of facts with this court were granted herein by the chief justice.

Appellants applied to this court for an alternative writ of mandate commanding the trial court to certify a bill of exceptions or to show cause why it had not done so. January 31, 1938, an order was entered by this court denying the writ, and the time within which to file a certified statement of facts or bill of exceptions was further extended.

The record consists of a proposed amended bill of exceptions and a proposed statement of facts, neither of which have been certified by the trial judge, and the clerk's transcript. Since the statement of facts and bill of exceptions have not been certified by the trial judge, they are not properly before us. *State v. Sylvia, ante* p. 16, 79 P. (2d) 639.

Under Rule of Practice XVII (Rem. Rev. Stat. (Sup.), § 308-17 [P. C. § 8676-13a]), there remains for consideration only the legal sufficiency of the information, which we find to be correct.

█ It is urged that a new trial should have been granted because of newly discovered evidence.

Rem. Rev. Stat. (Sup.), § 399 [P. C. § 8225], provides, *inter alia,* that a new trial may be granted upon the following ground:

" . . . 4. Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial; . . ."

A motion for a new trial upon the ground of newly discovered evidence was addressed to the sound discretion of the lower court, and we are not disposed to disturb his ruling except for manifest abuse. *State v. Dinas,* 129 Wash. 75, 224 Pac. 597; *State v. Bengston,* 159 Wash. 296, 292 Pac. 1107.

█ Moreover, in the absence of a properly certified bill of exceptions or statement of facts advising us as to what evidence was presented to the trial court, error cannot be predicated on the refusal of the trial court to grant a new trial because of the discovery of further evidence, inasmuch as we are not apprised of the nature of the evidence already presented. *Pack v. Peabody,* 58 Wash. 76, 107 Pac. 839; *Tyrell v. Leege,* 105 Wash. 438, 178 Pac. 467; *Boh v. Boh,* 133 Wash. 300, 233 Pac. 648.

The judgment is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.