[No. 32538. Department One. December 4, 1953.]

GLADYS JOHNSON, *as Administratrix, Appellant,* v. ETHEL THOMPSON PETERSON, *Respondent.*[1]

[1]Reported in 264 P. (2d) 237.

 .

*Dressel & Lehan* and *Neill & Aitken,* for appellant.

*Marcus Morton* and *Robert E. Brooke,* for respondent.

OLSON, J.—Plaintiff brought this action, as administratrix, to recover the alleged balance due on a contract between defendant and Oscar Anderson, deceased. Defendant cross-complained to recover a payment allegedly made to plaintiff by mistake. The jury returned a verdict denying plaintiff recovery and awarding defendant the amount for which she cross-complained. Plaintiff has appealed from the judgment entered on this verdict, and directs her assignments of error to the denial of her motion for a new trial.

The issues of fact, outlined in the instructions to the jury, are as follows:

Plaintiff alleged that, in May, 1949, defendant and Oscar Anderson, since deceased, entered into a written contract for the sale of the interest of the decedent in certain real estate in Stevens county, Washington, for the agreed price of ten thousand dollars; that decedent agreed to execute and deliver to defendant a quitclaim deed to the property; that defendant agreed to pay him the sum of $2,750 upon the execution of the agreement and the balance of the price in yearly installments of one thousand dollars, with interest; and that defendant sold the property and did not pay the total amount due on the contract.

Defendant alleged that she had paid decedent the full amount due on the contract and fully settled and adjusted all accounts and balances due to decedent, and also that, through mistake and inadvertence, she had paid plaintiff the sum of one thousand dollars when, in fact, she owed nothing to plaintiff or to the estate of decedent.

Defendant and decedent jointly contracted to purchase this real estate in 1946. Decedent conveyed his interest in it to defendant by quitclaim deed, when the parties made the contract upon which plaintiff seeks to recover.

Defendant was called as an adverse witness at the out-

set of plaintiff's case. She was examined upon the execution of the contract and the payments which she contended she had made upon it. During this examination, certain receipts signed by decedent, purporting to show full payment of the contract balance, were introduced in evidence.

The court instructed the jury that,

". . . when a party actually gives a receipt bearing upon its face that the sum mentioned is in full payment of the account between the parties, then, the burden is upon the party seeking to avoid the legal effect of such a receipt to show that such receipt was not intended as payment in full."

The burden of proof of payment was imposed upon defendant by the instructions. No error is assigned to any of the instructions and, consequently, they are not before us for review, and state the law of this case.

There is substantial evidence to support the verdict of the jury in defendant's favor upon the issue of payment. This would be a sufficient answer to this phase of the case, except for plaintiff's assignment of error upon the admission of certain testimony.

She contends that testimony of defendant regarding payment of her debt to a payee who subsequently died, is testimony by defendant on her own behalf which is made incompetent in this case by RCW 5.60.030 [cf. Rem. Rev. Stat., § 1211]. It is not necessary for us to decide that contention, because defendant correctly asserts that plaintiff waived the provisions of the cited statute.

The bar of this statute may be waived. *McLean v. Archer,* 32 Wn. (2d) 234, 245, 201 P. (2d) 184 (1948), and case cited. By calling defendant as an adverse witness and examining her upon the transaction in issue, including the execution of the receipts and how she made the payments which they purported to show, plaintiff waived the provisions of the statute. *Floe v. Anderson,* 124 Wash. 438, 440, 214 Pac. 827 (1923), and cases cited. Also, see *McLean v. Archer, supra,* p. 245, and cases cited.

Whether or not this statute expresses a rule which is sound in its application in any case, may be a matter of

doubt. Certainly it has been a matter of argument. Comment, Wilson, Recent Developments under the Dead Man Statute, 22 Wash. L. Rev. 211 (1947), and cases and authorities cited. See Hutcheson, The Admissibility of Testimony Concerning Transactions with Decedents, 1 Wash. L. Rev. 21 (1925), and 5 Wash. L. Rev. 27 (1930), also see case note, 17 Wash. L. Rev. 117 (1942), in which our cases considering the application of the statute are discussed.

But we do not indulge that argument here, because what plaintiff seeks to do is to use the testimony of defendant in so far as it might be of assistance to establish the claim of the estate, and yet she would assert the statute to render defendant's explanatory testimony incompetent. This she cannot do. *Floe v. Anderson, supra,* p. 440, and cases cited, *McLean v. Archer, supra,* p. 245, and cases cited. Also see Wash. L. Rev. comments, *supra*; annotation, 159 A. L. R. 411 (1945), and previous annotations there cited.

Plaintiff further argues that, because the statute is in the disjunctive (barring testimony of a party "as to any transaction had by him with, or any statement made to him, or in his presence, by any such deceased" person), one portion of it may be waived (regarding "any transaction" with one deceased), without waiving the other portion (regarding "any statement made" by one deceased). In effect, this would mean that the party asserting the statute could juggle with it, and extend or contract his waiver of it to suit his purposes. The doubtful value of the statute, and its inherent inefficiency to prevent false testimony, are apparent, if the proposed construction were to be adopted.

Plaintiff waived the bar of the statute by examining defendant as we have stated. Where the incompetency imposed upon a witness by the statute is waived at all, it is waived as to all facts pertinent to the matters developed from the witness by the party for whose benefit the statute was enacted. See *Miller v. O'Brien,* 17 Wn. (2d) 753, 768, 137 P. (2d) 525 (1943); 159 A. L. R. 411, 424 (1945), and annotations there cited.

Plaintiff also contends that the testimony regarding the nature of the payments made violates the parol evi-

dence rule, in that it shows that some of the payments were not in cash, as the receipts state. This assignment of error is without merit, because a receipt is not a contract. It is merely a written admission or acknowledgment by the person signing it that he has received certain money or other thing of value, and such an instrument may be explained or contradicted by parol evidence. *Hopkins v. Barlin*, 31 Wn. (2d) 260, 268, 196 P. (2d) 347 (1948), and case cited. Also see *Schrock v. Gillingham*, 36 Wn. (2d) 419, 426, 219 P. (2d) 92 (1950).

Nor does the admission of the testimony concerning the receipts tend to vary the principal contract for the sale and conveyance of the real estate, or necessarily constitute an enlargement of the issues to show an unpleaded partnership accounting, or accord and satisfaction. The court instructed the jury that, in order to find for the defendant on the issue that the contract in question had been paid in full, in a manner other than that provided in the contract, the jury must find that the parties did, after the date of the contract, enter into a new and different agreement providing for a different method of payment. As we have said, no error is assigned regarding this instruction. The jury must have found that the defendant had sustained the burden of proof upon this issue. There is sufficient evidence to support such a finding, and we will not disturb it.

Also, the agreement, as the jury must have found it was modified, had been fully executed subsequent to the modification and prior to suit, by the delivery of the deed and payment of the price. Consequently, we would not, in any event, hold the modification invalid for want of consideration. *Meyer v. Strom*, 37 Wn. (2d) 818, 828, 226 P. (2d) 218 (1951), and cases cited.

Upon the issue raised by defendant's cross-complaint, upon which she recovered the payment allegedly made by mistake, the assignment of error is that the court erred "in permitting the jury to receive evidence of inadvertence and mistake" regarding this payment. This issue was pleaded by defendant. We find no error in the admission of testi-

mony, or (assuming that the issue can be reached by this assignment of error) in the denial of plaintiff's motion for a directed verdict upon it.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.