[No. 33945.   Department Two.   July 11, 1957.]

W. ELMER COOPER, *Respondent,* v. JOHN GALLAHER *et al.,*
*Appellants.*[1]

*Crollard & Crollard,* for appellants.

*Robert E. Conner* and *George F. Potter,* for respondent.

[1]Reported in 313 P. (2d) 702.

SCHWELLENBACH, J.—November 19, 1952, John Gallaher and R. J. Gallaher, doing business as Gallaher Brothers Construction, were engaged in constructing a pipe line, about two and a half miles north of East Wenatchee, along state highway No. 2, a two-lane highway, for the East Wenatchee Water Company. They had two power shovels in operation, of a type which are mounted on trucks. The shovels were operating at either end of a two-mile stretch of the highway, which ran north and south. At the north and south limits, caution signs were placed a few hundred feet from each shovel. The shovel at the south end was stationed in the southbound lane of travel, blocking it and thus necessitating both north and southbound travel to use the opposite lane. Gallaher Brothers had a flagman stationed at this point, who, using a hand signal with the word "STOP" on one side and "SLOW" on the other, was directing traffic.

The accident with which we are concerned occurred at about nine o'clock in the morning. The pavement was dry and the road was straight, but not level. At the point in question, the highway sloped upwards to the north for a distance of about one thousand feet, where it leveled off. Three southbound vehicles had been stopped by defendants' flagman, and were waiting in line. Plaintiff's car, approaching from the south in the northbound lane, was waved on by the flagman, and was proceeding alongside the parked vehicles. Defendant Feil, driving south at a fairly high rate of speed, topped the hill behind the parked cars, failed to slow down, lost control of his automobile, crossed over into the plaintiff's lane of travel, and hit plaintiff's car head-on. The collision occurred about two hundred feet north of the shovel, at a point opposite the last of the parked cars. Plaintiff's car was damaged, and he suffered rather severe injuries.

Plaintiff commenced action against the Gallahers and the Feils, alleging negligence on the part of the Gallaher Brothers and Feil, which combined negligence proximately caused the accident. The defendants each denied their own

negligence and alleged that the accident was due to the negligence of the other defendant, coupled with the contributory negligence of the plaintiff. Feil cross-complained against the plaintiff and the Gallaher Brothers.

The jury rendered a verdict for the plaintiff against the Gallahers and the Feils. All of the defendants appealed, but the appeal of the Feils was not prosecuted.

Appellants contend that the court erred in denying their motion to dismiss at the close of plaintiff's case; in denying their challenge to the sufficiency of the evidence at the close of the case and in submitting the case to the jury; in denying motion for judgment n.o.v., and in denying motion for new trial.

No exceptions were taken to the instructions and they became the law of the case. There was a sufficient conflict of evidence as to appellants' negligence to submit that issue to the jury. Our sole problem is to determine whether or not such negligence was a proximate cause of the accident.

■ Appellants contend that the presence of the shovel on the highway was merely a condition and not a cause, and that it is the general rule that an original act of negligence is not a proximate cause of an injury when the same directly results from the act of another party, which was not one to be reasonably anticipated by the first party as reasonably likely to occur and follow through from his own act. For a thorough discussion of the application of this rule, see *Bracy v. Lund,* 197 Wash. 188, 84 P. (2d) 670.

Most of the cases cited by appellants in support of the rule relied upon, are concerned with situations where a truck or automobile is illegally parked on the highway, or is stalled on the highway without proper lights or warning signs being displayed. In such cases, a positive state statute or municipal ordinance is violated, thus constituting negligence *per se.* Then, later, two cars collide as a result of the negligence of the driver of one or both of the cars. The antecedent negligence creates a condition which is not necessarily a proximate cause of the collision due to the intervening negligence.

■ Here, originally there was no negligence on the part of the partnership. However, after they blocked the southbound lane of the highway, thus necessitating the use of the northbound lane for travel in both directions, it became their duty to use reasonable care to protect such users. Did they do so?

A case somewhat analogous to the one at bar was *Danielson v. Pacific Tel. & Tel. Co.,* 41 Wn. (2d) 268, 248 P. (2d) 568. There, the telephone company was working on a manhole cover in Vancouver. The location of the manhole made it necessary to divert all northbound traffic in the east lane of an intersection onto First street. After consultation with the city traffic authorities, a diversion system was set up utilizing rubber cones to keep the east and west lanes divided. A driver suddenly saw one of the cones in the middle of the lane in which he was traveling. He assumed, from its location, that the northbound traffic was being diverted into the east lane, applied his brakes, skidded on an oily spot in the road, and collided head-on with another car.

The injured driver sued both Hoyt (the driver who was deceived by the location of the cone) and the telephone company. The jury returned a verdict against both defendants. The telephone company appealed, contending that it was not negligent, and that, if it was, its negligence was not the proximate cause of the accident, the presence of the cone being merely a condition. In affirming, we said:

"We are of the opinion that the appellant's negligence was a question for the jury, and that it was likewise within the province of the jury to determine whether the negligence of Hoyt was superseding or concurring. The case was properly submitted to the jury and, while the jury might well have found for the appellant on either issue, we cannot see that the trial court erred in refusing to set aside the verdict."

■ Now what was the situation here? In considering the motion for judgment notwithstanding the verdict, we are governed by the oft-quoted rule of interpreting the evidence most strongly against the moving party. *Bulette v. Bremerton,* 34 Wn. (2d) 834, 210 P. (2d) 408. The jury

could have found, from the evidence, that on the morning in question Mr. Feil left his home in East Wenatchee at about seven o'clock, and traveled north on the highway a distance of six or eight miles, before appellants' operations had commenced for the day; that he did not see any equipment on the road at that time; that he returned about nine o'clock; that on his return trip he saw a warning sign and, a few hundred feet distant, construction equipment in the northbound lane; that, for a distance of two miles, there were no signs warning of men working; that he had no cause to believe that the road was not clear; that he traveled at an excessive rate of speed; and that he did not know of the obstruction in his lane of travel until after he reached the crest of the hill, when it first became visible to him.

From that testimony, especially in view of the fact that appellants' flagman had waved respondent through, the trial court did not commit error in submitting to the jury the question of whether or not, under all the circumstances, the collision between the Feil and Cooper cars was to be reasonably anticipated by appellants as reasonably likely to occur and follow through from their acts, or, to put it another way, whether or not appellants were guilty of negligence and, if so, whether or not such negligence continued and was a proximate cause of the accident.

Error is claimed in the awarding of certain sums for future pain and suffering, and for permanent disability. There was substantial evidence, including competent medical testimony, in support of each of these items. The issue was properly presented to the jury.

The judgment is affirmed.

HILL, C. J., DONWORTH, FINLEY, and FOSTER, JJ., concur.

October 14, 1957. Petition for rehearing denied.