[No. 34466.    Department Two.    June 18, 1959.]

GREGOR H. AGRANOFF, *Respondent*, v. DAVID WARD MORTON
*et al., Appellants.*[1]

[1]Reported in 340 P. (2d) 811.

*Moe, Collins & White*, for appellants.

*Gibson & Palmer*, for respondent.

FOSTER, J.—Appellants, defendants below, appeal from an order granting a new trial in an automobile accident case in which the jury found a verdict for the defendants.

Respondent, plaintiff below, sued for $150,000, one thousand dollars of which was for damage to the 1947 automobile, plus other items of special damage, both accrued and to be incurred, in the sum of $1,781.93.

The record discloses that, while respondent's car was stopped for a traffic control light to clear, appellants' pickup truck struck it from the rear. The impact was not violent and moved respondent's car only two feet. Survey of the possible damage disclosed one of the straps on the gas tank to be unfastened. This was replaced by the appellants on the spot. No other repairs were required or made, and the respondent continuously operated the car in his taxicab business until the time of the trial.

Respondent was not hospitalized but received medical treatment from his family physician. Respondent himself, in the complaint, described his injury as a lumbosacral strain resulting in pain in the neck and right shoulder and arthritis in the neck and spine, all of which caused him pain and anxiety. Respondent's physician characterized his disability as osteoarthritis and testified that it was probably present prior to the accident although the accident might have aggravated it. The physician did not express any opinion as to the extent of the disability nor did he express a professional opinion that the arthritis resulted from the

injury. Viewing the respondent's medical evidence in the aspect most favorable to him, there is no more than a possible relationship of cause and effect.

On the other hand, the appellants' medical evidence was that the arthritis was minimal and without disability. In addition, the appellants offered testimony that, after the accident, the respondent pursued his usual activity, and, further, introduced respondent's income tax returns which actually showed an increase in income after the accident. Moreover, appellants introduced moving-picture films showing the respondent engaged in his ordinary activity without restraint.

Appellants admitted liability but defended on the ground that the respondent had sustained no damage as a result of the mishap. The collision was not a severe one, and the respondent himself testified that his car was moved forward only two feet. Obviously the jury was justified in finding that the respondent had not proved any damage. There was no request to direct a verdict for the respondent on the question of liability and thus limit the trial to the issue of damage alone. Had such a motion been made, it undoubtedly would have been granted without opposition. But the controlling fact is that the respondent did not request such a ruling.

After the verdict for the defendants, respondent filed a motion for a new trial on which the court heard oral argument and had the benefit of written briefs by both parties. Thereafter the court granted the new trial on two grounds:

" . . . that there is no evidence or reasonable inference from the evidence to justify the verdict or decision or that it is contrary to law, and that substantial justice has not been done . . ."

In the memorandum opinion granting the motion, the trial court observed that the respondent's complaints were entirely subjective and his physician was unable to point to any objective findings, but that his opinion was based entirely upon what the respondent told him. After oral argument upon the motion, the trial judge remarked that the

evidence upon the question of damage was in conflict and that, if the jury saw fit to do so, it could have denied any damage to the respondent.

In the memorandum opinion granting the new trial, the trial court said:

"It is contended by council that the jury must have considered the question of damages and come to the conclusion that there were none. This, however, is pure speculation in view of the fact that there is substantial testimony which, if believed, would have supported an award for monetary damages. It is true, it was within the jury's province to disbelieve the testimony of the plaintiff in this case. However, there is nothing in the verdict to indicate that the jury went further than to find the defendant free from liability."

The trial court felt bound by *Miller v. Cody,* 41 Wn. (2d) 775, 252 P. (2d) 303, but *Kelley v. Compton,* 145 Wash. 416, 260 Pac. 530, is controlling. In *Miller v. Cody, supra,* a motion by the plaintiff, that the jury be directed to return a verdict for the plaintiff on the question of liability and to limit the trial to the issue of damage alone, was denied. On appeal, the order granting a new trial was affirmed because the plaintiff was entitled to a directed verdict upon the issue of liability, leaving the question of damage the only issue to be tried by the jury. In *Miller v. Cody, supra,* the trial court was of the opinion that there was uncontradicted evidence of physical injury to the plaintiff, although we were of the opinion that substantial evidence alone was sufficient. Here, however, there is neither. As to the relationship of cause and effect between the injury and the claimed disability, the respondent's proof rises no higher than a mere possibility. This is insufficient.

In *Kelley v. Compton, supra,* on the other hand, there was no request that the trial be limited to the question of damage, although the plaintiff contended on appeal that defendant's liability was certain. This court held:

" . . . The argument seems to be that the trial court should have so decided and instructed the jury, leaving to the jury only the question of the amount of damages suffered by appellant. This record does not in any manner

show that any request for such a decision or instruction was made at any time prior to the rendering of the verdict against appellant. Plainly, we think, the trial court, not having been timely requested to so decide and instruct the jury, cannot now be held to have erred in not so deciding and instructing the jury."

In the cause *sub judice,* there was no request for a direction on the question of liability or to limit the trial to the issue of damage. On the other hand, respondent actually requested an instruction on the issue of appellants' negligence. Moreover, when the court asked respondent's counsel to take his exceptions to the instructions he approved them completely.[2] If it were wrong to submit the issue of liability, it was precariously close to invited error.

In January, 1927,[3] the court, under the rulemaking power, abrogated[4] the statute[5] which permitted exceptions to instructions up to the time of argument on a motion for a new trial, and required all exceptions to instructions to be taken before the cause was submitted to the jury.[6] The purpose was to enable the court to correct any mistake in the instructions in time to prevent the unnecessary expense of a second trial. It is now familiar law that, unless timely exceptions are taken, the instructions become the law of the case.[7] The prime object of all procedural law is the just, speedy, economical and final determination of litigation.

---

[2] [Respondent's counsel] "If the court please, the plaintiff has neither any exceptions to the instructions proposed nor to the failure to give any requested instructions."

[3] 140 Wash. xxxviii.

[4] RCW 2.04.200.

[5] ". . . Either party, at any time before the hearing of a motion for a new trial may except to the instructions given by the court, or any part there of." Rem. Comp. Stat., § 339.

[6] Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75, as amended, effective October 24, 1955.

[7] *Holmes v. Toothaker,* 52 Wn. (2d) 574, 328 P. (2d) 146; *Barnes v. Labor Hall Ass'n,* 51 Wn. (2d) 421, 319 P. (2d) 554; *Marr v. Cook,* 51 Wn. (2d) 338, 318 P. (2d) 613; *Cooper v. Gallaher,* 50 Wn. (2d) 588, 313 P. (2d) 702; *Johnson v. Peterson,* 43 Wn. (2d) 816, 264 P. (2d) 237; *Frich v. Department of Labor & Industries,* 169 Wash. 282, 13 P. (2d) 67.

■ It is the duty of counsel for all parties to promptly call the court's attention to any error in the trial. Counsel may not secretly nurture an error, speculate upon a favorable verdict, and then, in the event it is adverse, bring forth the error as a life preserver on a motion for a new trial.[8]

The supreme court of Pennsylvania recently held:

" . . . The rule has been stated over and over again that a party may not remain silent and take his chance on a verdict and then, if it is adverse, complain of some inadequacy which could have been quite easily corrected. See Susser v. Wiley, 1944, 350 Pa. 427, 39 A. 2d 616; Rasmus v. Pennsylvania R. Co., 1949, 164 Pa. Super. 635, 639, 640, 67 A. 2d 660; Stadham Co. v. Century Indemnity Co., 1950, 167 Pa. Super. 268, 275, 74 A. 2d 511. . . ." *Bodine v. Boyd,* 4 D. & C. (2d) 456, 383 Pa. 525, 119 A. (2d) 274.

This specific problem was dealt with in *Weinrob v. Heintz,* 346 Ill. App. 30, 41, 104 N. E. (2d) 534, 539, as follows: ·

" . . . An objection to the submission of the issue of fact to the jury must be made before the case is given to the jury. After the case has been submitted to the jury and a verdict has been returned it is too late to make or for the court to rule on the objection. Such objection, made for the first time on a motion for a new trial, is of no avail. A party is not permitted to lie by and speculate on his chances for a verdict and then raise objections which should have been raised during the trial. *Goldschmidt v. Chicago Transit Authority,* 335 Ill. App. 461, 467."

■ Respondent's counsel made no request for a direction on the issue of liability. Had such a request been seasonably made, it would have been granted without objection. Had it been denied, respondent would have been in a position to urge it upon a motion for a new trial and, if necessary, then upon appeal. But he may not remain silent

---

[8]" . . . Newport & C. Bridge Co. v. Jutte, 6 OCC NS 189, 27 OCC 541, affd without op 74 OS 442, 78 NE 1133 (where the court said: 'A nisi prius trial is not a game of chess or a match of the wits of counsel to achieve a technical result. Counsel on both sides owed it to themselves, to the trial judge and to the administration of justice to help the trial judge and so far as possible preserve the nisi prius trial from error')." 3 Ohio Jur. (2d ed.) 40, § 185, note 4.

when it is time to speak, and then urge it for the first time on a motion for a new trial.

■ The court properly told the jury that the burden was upon the plaintiff to prove the damage claimed by him, and that the jury was the sole and exclusive judge of the credibility of the witnesses and the weight to be attached to the testimony of each. It was not misdirected.

The jury was entitled to believe the appellants' testimony. Respondent cannot now be heard to say that perhaps the jury found that appellant was not negligent.

The order granting the motion for new trial is reversed, and the cause is remanded with instructions to enter a judgment on the verdict dismissing the action.

WEAVER, C. J., MALLERY, FINLEY, and ROSELLINI JJ., concur.

July 30, 1959. Petition for rehearing denied.