[No. 585-1. Division One—Panel 2. July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. DUANE WAYNE RASMUSSEN, *Appellant*.

*David L. Scott,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Gerald M. Lorentson, Deputy,* for respondent.

JAMES, J.—Duane Wayne Rasmussen and Michael James Sarrett were jointly charged with the crime of assault in the first degree. They waived a jury trial and both were convicted. Each has separately appealed.

The pivotal question was whether Sarrett fired a pistol at two police officers who had stopped the car which Rasmussen drove with Sarrett as a passenger. Although the defendants admitted that there were two pistols in the car,

both denied that either was fired. Both admitted that when one of the officers asked Rasmussen to step out of the car, he pretended to comply with the request, but instead drove the car from the scene at a high rate of speed.

The police officers fired a number of pistol shots at the car, puncturing one of the tires. The defendants abandoned the car and escaped on foot. They were arrested sometime later.

Rasmussen first assigns error to the admission of testimony of a witness to whom Sarrett had talked subsequent to the incident. Over Rasmussen's objection, the witness was permitted to testify that Sarrett had told her of the encounter with the police. In ruling that the testimony would be permitted, the trial judge made it clear that he would consider the testimony only insofar as it involved Sarrett. According to the witness, Sarrett said that, "he stuck his tongue out at the officers when [they] pulled up at the stop sign and later when the officers stopped them and came up to the car, he pulled a gun out at that time."

■ Though not an admission that he fired a gun, the alleged statement by Sarrett that he had "pulled a gun out" was inculpatory. Because of its hearsay character, it could not be properly admitted as evidence to prove the charge against Rasmussen. But, as it is clear that the trial judge considered the testimony only as to Sarrett, its admission was not error.

> It is our conclusion that confessions of one defendant, jointly tried with another, may be introduced in evidence, but that, in such cases, the defendant or defendants who did not make the confession should be protected by proper statements to the jury that the confession should not be considered as against him, or them.

*State v. Goodwin,* 29 Wn.2d 276, 289, 186 P.2d 935 (1947). *State v. Nelson,* 65 Wn.2d 189, 396 P.2d 540 (1964).

Rasmussen's second assignment of error is a challenge to the sufficiency of the evidence. Recognizing that the state does not contend that he personally assaulted the police officers, Rasmussen argues that the evidence does not estab-

lish that he "aided, abetted, counselled, encouraged, hired, commanded, induced or produced an assault by Mr. Sarrett on the officers, even if one took place."

We have reviewed all of the testimony and find substantial evidence, both direct and circumstantial, to support the trial judge's finding that

> this assault was committed pursuant to a prearranged signal, to-wit: at the time the driver was asked to get out of the vehicle, and that the defendant Duane Wayne Rasmussen aided and abetted in the commission of the assault, and that both defendants acted in concert.

The police officers testified that two shots were fired. Ballistics evidence of nitrate residue in the car supports the officers' testimony.

A police officer who administered polygraph tests to the defendants was of the opinion that neither consciously lied in denying that the pistol was fired. However, the officer could not appraise the possible effects upon the tests of the admitted use of drugs by the defendants.

██ The trial judge's essential function was to judge the credibility of the witnesses. As an appellate court, we are in no position to rejudge their credibility. *State v. Breckenridge*, 4 Wn. App. 328, 481 P.2d 26 (1971). If substantial evidence supports the trial judge's findings, they must be sustained. *State v. Bunch*, 2 Wn. App. 189, 467 P.2d 212 (1970).

██ Rasmussen further assigns error to the denial of his motion for a new trial on the ground that he discovered favorable evidence subsequent to trial. The "evidence" was that, after trial, one of the officers stated to Rasmussen's counsel that he, the officer, did not believe "that Rasmussen was doing anything but running." The trial judge observed that the officer's expression of an "opinion" would in no way alter his finding that Rasmussen aided and abetted the assault.

> A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and his ruling will not be disturbed ex-

cept it clearly appears that he abused that discretion. *Floe v. Anderson,* 124 Wash. 438, 214 Pac. 827; *State v. Dinas,* 129 Wash. 75, 224 Pac. 597.

*State v. Bengston,* 159 Wash. 296, 298, 292 P. 1107 (1930). *Accord, State v. Mesaros,* 62 Wn.2d 579, 384 P.2d 372 (1963). We find no abuse of discretion in the denial of the motion for a new trial.

Finally, Rasmussen urges that a new trial should be granted because of an accumulation of errors. The principle upon which Rasmussen relies is stated in *State v. Badda,* 63 Wn.2d 176, 183, 385 P.2d 859 (1963) to be:

> The combined effect of an accumulation of errors, no one of which, perhaps, standing alone might be of sufficient gravity to constitute grounds for reversal, may well require a new trial. *State v. Simmons,* 59 Wn. (2d) 381, 368 P. (2d) 378; *State v. Swenson,* 62 Wn. (2d) 259, 382 P. (2d) 614.

Having found no errors, we must necessarily conclude that the "accumulation of errors" principle is inapplicable.

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.