[No. 23526.   Department One.   April 13, 1932.]

W. G. MORGAN, *Respondent*, v. FAIRMOUNT CEMETERY ASSOCIATION, *Appellant*.[1]

*Clyde H. Belknap*, for appellant.

*Berkey & Cowan*, for respondent.

MITCHELL, J.—This action was commenced in February, 1931, by the respondent, W. G. Morgan, against Fairmount Cemetery Association, a corporation, to recover on an account stated. Upon the trial, findings of fact and conclusions of law were entered in favor of the respondent. Judgment was entered August 27, 1931, from which the defendant has appealed.

There is no statement of facts in the case. What purports to be one, proposed, not by the appellant but by the respondent, refers to no testimony whatever other than a portion of the testimony of one witness. According to the certificate made by the trial judge, the so-called statement of facts is not made a part of the record in the case, nor is it certified or stated that the instrument contains all or any of the material facts, matters or proceedings occurring in the cause, or such thereof as the parties have agreed to be all

[1]Reported in 10 P. (2d) 244.

that are material therein. The so-called statement, together with the certificate attached thereto, are insufficient under the statute, and consequently we are not allowed to consider the same in disposing of the case.

The findings of fact, in effect, are that the respondent worked for the appellant as superintendent in caring for its cemetery for about twenty years, and that, in quitting on October 1, 1928, a settlement occurred between the parties fixing the amount due respondent in the sum of $5,415.15, which the appellant agreed to pay on certain conditions. That thereafter appellant purchased certain stock from the respondent, and agreed to pay four hundred dollars therefor, and that, upon the total amount thus due, appellant had paid thirty-five hundred dollars.

The court further found that, at the time of settlement, October 1, 1928, the understanding was that the amount agreed on should be paid by the appellant upon the respondent furnishing what information he could in regard to location of graves in family lots, the names of those paying for the care of cemetery lots, giving their addresses and the amounts paid and to be paid by them, descriptions of lots and parts of lots sold, and turn over to the cemetery association all books and documents in respondent's possession pertaining to the cemetery.

Findings Nos. 6 and 7 are as follows:

"That prior to the commencement of this action plaintiff had almost wholly failed to furnish the information agreed upon in said conditional settlement.

"That said cause was continued to give the plaintiff an opportunity to furnish said information, and he has since the time of trial furnished what information he could. That the plaintiff has now furnished all information, and has turned over to the defendant all books and documents in his possession bearing upon

said matters, and has fulfilled the conditions of said agreement on his part.''

The conclusion and judgment were in the sum of $2,315.15 in favor of the respondent.

■ Appellant contends that the action was prematurely brought, the respondent not having given the information it was under obligation to furnish, and that, when that fact appeared at the trial, the action should have been dismissed. But there is no record which we can consider that shows appellant at that time demanded or asked for a dismissal, or did other than consent to a continuance for the purpose of having the respondent assemble and furnish the information and documents needed for the purpose and as suggested in finding number seven, and which the court found at the final hearing the respondent had furnished. That is, the appellant accepted the benefits flowing from the continuance by actually receiving the information, books and documents in question. Appellant is not entitled now to maintain any claim of error in this respect.

Again, appellant contends that the court erred in finding that the respondent had complied with the conditions requiring information, books and documents to be furnished, but, as already stated, the appellant accepted what was done in this respect, as shown by the court's finding, which finding cannot be questioned as a settled fact in the absence of a statement of facts.

Judgment affirmed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.