[No. 26887. Department One. May 19, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. EUGENE F. SYLVIA *et al., Appellants.*[1]

*John F. Garvin,* for appellants.

*Joseph H. Johnston* and *John M. Wilson,* for respondent.

HOLCOMB, J.—The information upon which appellants were tried contained two counts charging Eugene F. Sylvia, Joe M. Sylvia, Manuel Sylvia, Charles Newman (alias Charles Brown), and John Doe Johnson with the crime of grand larceny.

Count one accused Manuel Sylvia, Charles Newman,

[1]Reported in 79 P. (2d) 639.

and John Doe Johnson with stealing and unlawfully appropriating to their own use, April 8, 1937, approximately eight hundred feet of cable, having a value in excess of twenty-five dollars, with the intent to deprive the owner, Crown Zellerbach Paper Company, a corporation, thereof; and that Eugene F. Sylvia and Joe M. Sylvia aided and abetted in the commission of this crime.

Count two accused Eugene F. Sylvia and Joe M. Sylvia with receiving and concealing the property mentioned in count one, knowing the same to have been stolen; and that Manuel Sylvia, Charles Newman, and John Doe Johnson aided and abetted and assisted them in the commission of this crime.

Appellants demurred to the information. The demurrer was overruled. A motion was also made to set aside the information on several grounds.

The jury returned a verdict of guilty of the crime of grand larceny as charged in the information against Joe Sylvia, Eugene F. Sylvia, and Manuel Sylvia, and judgment was entered finding each of them guilty of the crime of grand larceny, and they were sentenced for a term of not more than fifteen years, and costs were taxed against them. Charles Newman was also found guilty of grand larceny, but his sentence was suspended contingent upon his good behavior. A motion for a new trial was made and denied, and this appeal taken.

Two assignments are presented, namely, the overruling of appellants' demurrer, and the refusal of a new trial.

In perfecting their appeal, counsel for appellants presented a bill of exceptions in narrative form to the trial court for certification. Respondent moved the lower court to correct the same by including therein the direct and cross-examination of a number of wit-

nesses who testified at the trial, but whose testimony had been omitted.

November 9, 1937, the trial court entered an order in which it declined to certify a proposed amended bill of exceptions or statement of facts filed November 8, 1937, because it was insufficient and inadequate and did not contain all the material facts relating to the case. The court directed appellants to make appropriate corrections and to add the testimony of certain witnesses. January 13, 1938, another order was entered by the trial court in which it refused to certify an amended bill of exceptions filed January 8, 1938, because the proposed bill of exceptions was inadequate and inaccurate.

Numerous extensions of time have been granted by the chief justice to enable appellants to file a duly certified bill of exceptions or statement of facts with this court.

Appellant applied to this court for an alternative writ of mandate commanding the superior court for Clallam county to certify a bill of exceptions or to show cause why he had not done so. This matter came on for hearing, and January 31, 1938, an order was entered denying the writ and the time within which to file with this court a duly certified statement of facts or bill of exceptions was further extended.

The record before this court is very fragmentary. There have been filed with the clerk of this court what purport to be a statement of facts and three amended bills of exceptions, none of which have been certified by the trial judge.

Rem. Rev. Stat., § 391 [P. C. § 7819], provides:

"The judge shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, are matters and proceedings occurring in the cause and that the same are thereby made a part of the record therein; and, when such is the fact, he shall fur-

ther certify that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or (as the case may be) such thereof as the parties have agreed, to be all that are material therein. The certificate shall be signed by the judge, but need not be sealed; and thereupon all the matters and proceedings embodied in the bill of exceptions or statement of facts, as the case may be, shall become and thenceforth remain a part of the record in the cause, for all the purposes thereof and of any appeal therein. . . ."

We have held that failure to file a statement of facts in a criminal case within the statutory ninety day period is jurisdictional, even though the belated filing was due to neglect of accused's counsel. *State v. Harder,* 130 Wash. 367, 227 Pac. 501. Cf. *State v. Schafer,* 154 Wash. 322, 282 Pac. 55.

That the statement of facts or bill of exceptions must be certified by the trial judge to contain all of the material facts, is well settled. *State v. Harder, supra; Morgan v. Fairmount Cemetery Ass'n,* 167 Wash. 644, 10 P. (2d) 244; *Bannister v. Cavanaugh,* 175 Wash. 451, 27 P. (2d) 695.

In view of the state of the record, no question involving the evidence can be considered. Since there is no statement of facts or bill of exceptions in the record, there remains for consideration only the legal sufficiency of the information. Rem. Rev. Stat. (Sup.), § 308-17 [P. C. § 8676-13a], Rule of Practice XVII.

Under the amended information, the motion to set aside the information was properly denied.

Rem. Rev. Stat., § 308-9 [P. C. § 8676-12], Rule IX, provides, in part:

" . . . 2. At any time before or during trial the court may permit the amendment of an information and permit proof to be offered in support thereof, and if the defendant shows to the satisfaction of the court that he would thereby be misled, the court shall make

such order as shall secure to the defendant full opportunity to defend. . . ."

From the record before us, we are compelled to assume that no rights of appellants were infringed by amending the information. *State v. Alexander,* 167 Wash. 15, 8 P. (2d) 298; *State v. Smiley,* 167 Wash. 342, 9 P. (2d) 370.

Appellants contend they cannot all be charged in the same count.

Rem. Rev. Stat., § 2605 [P. C. § 8948], prescribes:

"Every person who shall steal or unlawfully obtain, appropriate, bring into this state, buy, sell, receive, conceal, or withhold . . .

"(5) Property of the value of more than twenty-five dollars, in any manner whatever,

"Shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years. . . ."

Rem. Rev. Stat., § 308-9, Rule IX, provides in part:

"2. . . . An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right. . . ."

In the instant case, to consider the information amended to conform to the evidence in accordance with this statute, would not prejudice any substantial right of appellants. *State v. Vaughan,* 163 Wash. 681, 1 P. (2d) 888; *State v. Knizek,* 192 Wash. 351, 73 P. (2d) 731.

It is conceded in the briefs of both parties that appellants were never tried on count one, and that the state elected to try appellants on count two of the information.

We conclude that appellants were properly charged under count two of the information, and that appellants' demurrer was properly overruled.

█ The burden is upon appellant to furnish a sufficient statement of the testimony to apprise this court of the facts upon which the assignments of error are predicated and to give this court a full understanding of the case. *State ex rel. Hoffstetter v. Sheeks,* 63 Wash. 408, 115 Pac. 859; *State v. Hankins,* 93 Wash. 124, 160 Pac. 307.

Upon the record brought to us, we cannot do otherwise than affirm the verdicts and judgment. It is so ordered.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.