[No. 37743. Department One. May 13, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. HOWARD HOLBROOK, *Appellant*.*

*Reported in 401 P.2d 971.

*Gleeson & Smith,* by *Clarence P. Smith,* for appellant.

*George A. Kain* and *Donald C. Brockett,* for respondent.

STAFFORD, J.†—Defendant Holbrook was convicted on a charge of sodomy in six counts committed upon four boys ranging in age from 12 to 17. The facts leading up to the commission of the crime are not in serious dispute.

The four boys recounted the essential facts in support of the elements of each crime. Each boy related his own personal involvement and each told of seeing the defendant commit sodomy upon the others. On the other hand, the defendant and his mother testified that no acts of sodomy were committed.

The defendant assigns as error the trial court's failure to dismiss the action or in the alternative to direct a verdict in his favor. This is essentially a challenge to the sufficiency of the evidence.

 Where there is evidence that is conflicting or is such that reasonable minds may differ, the question is for the jury. *State v. Reynolds,* 51 Wn.2d 830, 322 P.2d 356 (1958); *State v. Cranmer,* 30 Wn.2d 576, 192 P.2d 331 (1948). It is the function and province of the jury to weigh the evidence, to determine the credibility of the witnesses and to decide the disputed questions of fact. *State v. McDaniels,* 30 Wn.2d 76, 190 P.2d 705 (1948).

 A challenge to the sufficiency of the evidence or a motion having that effect admits the truth of the state's evidence and all inferences that reasonably can be drawn therefrom. Furthermore, the evidence is interpreted most strongly against the defendant and in a light most favorable to the state. *State v. Matlock,* 65 Wn.2d 107, 396 P.2d 164 (1965); *State v. Coy,* 40 Wn.2d 112, 241 P.2d 205 (1952).

We have carefully reviewed the evidence in light of the foregoing rules. Without detailing the sordid facts, we are satisfied that the trial court did not err in denying the de-

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to art. 4, § 2(a) (amendment 38), state constitution.

fendant's motion to dismiss and alternative motion for a directed verdict.

■ The defendant assigns error to the trial court's having permitted misconduct of the prosecuting attorney in his final argument to the jury. Unfortunately, the statement of facts does not include the argument of counsel. The burden is upon the defendant to furnish a sufficient statement of facts to apprise the court of the facts upon which the assignments of error are predicated. *State v. Sylvia*, 195 Wash. 16, 79 P.2d 639 (1938). The assignment of error cannot be sustained on the record before us.

The trial court's refusal to give defendant's requested instruction No. 1 is assigned as error. Defendant originally excepted on the ground that the following quotation "is a correct statement":

> However, a charge such as . . . in this case is one, which . . . is easily made, and . . . difficult to disprove, even if the defendant is innocent. . . . the child and the person accused usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the child . . . with caution.

■ It is unnecessary to determine whether the quotation correctly states the law. The refusal to give a requested instruction is not error when the subject matter is adequately covered in the court's other instructions. *State v. Guerzon*, 23 Wn.2d 242, 160 P.2d 603 (1945); *State v. Crossman*, 189 Wash. 124, 63 P.2d 934 (1937). The matter was adequately covered in the instructions that follow.

In instructing the jury on the credibility of witnesses, the court advised them that in determining a witness' credit,

> you may take into consideration the conduct and appearance on the witness stand, the interest of the witness . . . in the result of the trial; the motive actuating the witness in testifying; the witness' relation to or feeling for or against . . . the defendant . . .; the probability or improbability of the witness' statements; . . . and the inclination of the witness to speak truthfully or otherwise . . . and the age, intelligence and maturity of such witness.

The court also instructed the jury on the subject of accomplices by advising them that, although one could be convicted on the uncorroborated testimony of an accomplice,

Still, a jury should act upon such testimony with great care and caution and subject it to careful examination in the light of other evidence in the case.

Defendant took no exception to these instructions or those pertaining to presumption of innocence, reasonable doubt or burden of proof. Thus they became the law of the case. *State v. Sayward*, 63 Wn.2d 485, 387 P.2d 746 (1963).

The judgment is affirmed.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.

July 7, 1965. Petition for rehearing denied.

*Gerard N. Fisher*, for respondent.

*Reported in 401 P.2d 973.