[No. 39196.    Department One.    December 8, 1967.]

THE CITY OF SEATTLE, *Respondent*, v. ROOSEVELT
RHODES, *Appellant*.*

William F. Lockett, for appellant.

A. L. Newbould, Woodford B. Baldwin, and Robert G. Wallace, for respondent.

PER CURIAM.—Roosevelt Rhodes was found guilty by a King County jury of aiding and abetting in the illegal sale of intoxicating liquor on or about June 12, 1966, in violation of ordinance No. 64599, section 2, as amended by ordinance No. 69284 and ordinance No. 81556 of the city of Seattle. From the entry of judgment and sentence Roosevelt Rhodes has appealed.

Appellant in his brief on appeal states: "The following question is before the court: Whether there was sufficient evidence to sustain the verdict of the jury and for the court to enter its judgment and sentence therein."

The state's liquor board inspector testified on behalf of the city that he had asked Mr. Rhodes if he would get him a bottle of whiskey. The testimony is as follows:

> Q. What did Mr. Rhodes do? A. He said he had to send someone after whiskey. Q. Pardon? A. Mr. Rhodes said he had to send someone after the bottle of whiskey. Q. Did you meet him again later? A. Later across the street in the 100 block on Washington Street. Q. Where were you in the 100 block? A. Standing in the doorway

*Reported in 434 P.2d 579.

of a cafe. Q. What happened in the doorway of the cafe there? A. Mr. Rhodes met us over in the doorway, and then that's where the transaction or the sale was made. Q. What did you say to him, and what did he say to you? A. When he came over in the doorway, he asked me was I the man that wanted whiskey. I said yes. . . . Q. (By Mr. Baldwin) Upon meeting him in the doorway, what was the conversation? A. He asked was I the man who wanted to buy the whiskey. I said yes, so then I asked the price of it. He said six dollars. So then Mr. Rhodes reached his hand in his right fatigue jacket pocket. THE COURT: You will have to speak louder, Mr. Holifield. The last juror is having difficulty hearing you. A. Well, Mr. Rhodes put his hand in his right field jacket pocket and handed me a bottle of whiskey. I paid Mr. Rhodes the six dollars. Q. (By Mr. Baldwin) What did Mr. Rhodes do with the money? A. Well, I don't know what he did with the money, but it looked to me he was fixing to put it in his pocket. Q. Could you say what he did with the money? A. No, I couldn't see what he did with it. Q. By the way, did you have any whiskey or any bottles on you before you met Mr. Rhodes that day? A. No, I didn't.

The bottle was thereafter identified and admitted into evidence.

Appellant Rhodes testified in his own behalf. He denied he had aided or abetted in the alleged illegal sale. He stated that the state's witness, a third person and he had each contributed $2 to purchase the bottle of whiskey from a fourth person and that he was not a seller, but was one of the purchasers. Where, as here, there is a factual conflict in the evidence adduced to establish a vital element of the offense charged, it is the function of the jury to resolve that conflict. *State v. Holbrook,* 66 Wn.2d 278, 401 P.2d 971 (1965). It is evident that the jury believed the state's witnesses. We have considered appellant's remaining assignment of error and find it to be without merit.

Judgment is affirmed.