[No. 479-1.    Division One—Panel 2.    April 5, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. ALEXANDER DANIEL MUNROE, JR., *Defendant,* THOMAS RICHARD FARRUGIA, *Appellant.*

*Griffin & Bortner* and *Harry B. Platis,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *Bruce A. Keithly, Deputy,* for respondent.

PER CURIAM.—Thomas Richard Farrugia was charged by information filed on October 7, 1969, with the crime of burglary in the second degree. He appeals from judgment and sentence entered on a finding of guilty.

Mr. Farrugia was apprehended with a companion, Alexander Daniel Munroe, Jr., while in a physician's office in Edmonds, Washington. It is not disputed that they were inside the office without authorization after it was closed for business. They gained entrance through a window. The primary issue before the trial court was whether Mr. Farrugia forcibly broke into the building.

Mr. Farrugia testified that he gained entry through an open window:

Q To what extent was it open? A Well, it was opened about 14 inches, and the screen was open too, almost as much. Q Who was the first to go into the building? A I was. Q And when you climbed in through that window,

did you have to move the window? A No. Q Did you remove the screen? A No.

Police officers testified that the screen was on the ground when they investigated immediately after apprehending Mr. Farrugia. The physician owner testified that the screen remains fixed in front of the window preventing entry through the window unless the screen is completely removed. The screen is secured in place from the outside by four screws.

■ Whether Mr. Farrugia broke into the building was a question of fact. It is the province of the trial court to resolve disputed questions of fact. *State v. Huston*, 71 Wn.2d 226, 428 P.2d 547 (1967). Upon conflicting evidence, the trial court found that Mr. Farrugia broke into the building. There is substantial evidence in the record to support this finding. *See State v. Dugger*, 75 Wn.2d 689, 453 P.2d 655 (1969); *Seattle v. Rhodes*, 72 Wn.2d 696, 434 P.2d 579 (1967). Someone forcibly removed the screen, opened the window and entered the premises. Whether Mr. Farrugia was this person was the ultimate question for the court. On the basis of the record before it, the trial court concluded that he was.

Mr. Farrugia's counsel moved to dismiss under the ruling in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). The procedural steps required by that opinion have been followed. Mr. Farrugia in his petition to the court raised an additional question regarding the disposition of the matter of his companion, Alexander Daniel Munroe, Jr. We have no record of that proceeding. Our review is limited to the record before us. We find no error. The motion to dismiss the appeal as frivolous and without merit is granted.