[No. 412-41548-2.   Division Two.   May 19, 1971.]

THE COUNTY OF SPOKANE, *Respondent*, v. A. H. FARMER, *Appellant*.

*E. M. Tesdahl*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Emmett J. Shearer, Deputy*, for respondent.

PETRIE, C.J.—A jury found the appellant guilty on two counts, committed on 2 separate days, of violating a zoning ordinance of Spokane County by using his property "for the storage of wrecked motor vehicles and parts, scrap lumber, scrap metal, and other miscellaneous items not necessary for the normal operation of a household." He appeals from the judgment and sentence ordering him to

pay a $250 fine and serve 30 days in jail. The jail sentence, however, was suspended on the condition that appellant "remove all wrecked motor vehicles and parts, scrap lumber, scrap metal and other miscellaneous items not necessary for the operation of a household or a housemoving business." By exhibit attached to the judgment and sentence, the court specifically noted what items he could retain for the purpose of his housemoving business.

In early 1953, appellant commenced a housemoving and building demolition business. The situs of his business was, and still is, the same property, the use of which, the jury has determined, constitutes a violation of its current zoning classification. By ordinances adopted in 1943 and 1953, appellant's property was classified as "unclassified", which meant that any lawful business could be maintained on such property except certain specified businesses enumerated in the ordinances. For purposes of this appeal, specifically "auto wrecking and junk yard" were prohibited businesses. The zoning administrator for Spokane County acknowledges that housemoving and building demolition businesses would not have been prohibited on appellant's premises as classified under the 1943 and 1953 ordinances. In 1956, appellant's property was reclassified to "Agricultural—Suburban." Appellant contends that all the material now stored on his property is legally permissible because of his nonconforming uses established prior to reclassification in 1956. The county, on the other hand, contends that at least some of the items stored establish that the appellant is now maintaining a junk yard on his premises in violation of the zoning ordinance. Appellant was tried to a jury and found guilty on each count.

Reviewing his assignments of error in logical order, we first face the question of the denial of appellant's motion to dismiss at the conclusion of the trial. In response to the appellant's motion and the arguments on that motion, the court stated that it believed the evidence presented a question of fact: whether or not the appellant was using his

property as a junk yard, and therefore, it was a matter for the jury to decide. Appellant's counsel replied:

I believe you are right, your Honor, that this is a matter of fact. I felt previously that it was a matter of law, but I can see your point now that—I think it is for the jury, . . .

■ One who concedes the correctness of the court's ruling on his motion cannot later be heard to complain. Any error was clearly waived. Furthermore, the trial court's determination was correct. A factual matter was presented to be resolved by the jury.

The second assignment of error deals with the court's refusal to give appellant's requested instructions Nos. 1, 2 and 3. The requested instructions Nos. 1 and 3 are not set out in appellant's brief, as required by CAROA 43, and, therefore, will not be considered. *State v. Williams*, 4 Wn. App. 411, 481 P.2d 918 (1971). Appellant's requested instruction No. 2 provided as follows:

You are instructed that if you find that Mr. Farmer's land was used prior to September 25, 1956 for the storage of materials and equipment substantially as now used you shall find him not guilty of the offenses charged herein.

■ This requested instruction was properly denied; first, because it was incorrect in that it failed to require the jury, as a condition to a not guilty verdict, to find that the prior use was lawful; and second, because the essential point was adequately covered by instruction No. 4A given to the jury.[1] The refusal to give a requested instruction is not error when the subject matter is adequately covered in

---

[1] "A non-conforming use under Spokane County Code 4.18.010 is defined as follows:

"*Continuance of Non-Conforming Use—When Permitted.*

"The lawful use of the land or premises existing at the time of the adoption of this Title, although such use does not conform to the provisions of this Title, may be continued.

"This means that even though the defendant made use of his property prior to the enactment of the present zoning, the defendant's use of his property under the prior zoning ordinance must have been lawful."

the court's other instructions. *State v. Holbrook*, 66 Wn.2d 278, 401 P.2d 971 (1965).

Appellant's remaining assignments of error attack the judgment and sentence entered on the grounds that it was harsh, excessive, and constituted a deprivation of property without due process of law. The appellant was fined $250 and sentenced to serve 30 days in jail. Such a disposition was most certainly within the terms of Spokane zoning ordinance 4.22.040 which provides:

> Any person, . . . who violates, . . . any of the provisions of this Title shall be guilty of a misdemeanor and shall be fined in any sum not to exceed Two Hundred and Fifty Dollars ($250.00) or imprisoned in the County Jail for a term of not exceeding ninety (90) days, for each offense. Each day that a violation is permitted to exist shall constitute a separate offense.

A judgment and sentence so clearly authorized by the specific terms of penalty section of the zoning ordinance is neither harsh nor excessive.

The appellant's claim that he has been deprived of his property without due process of law is based on the court's action in suspending the jail term upon the condition that he clean up his premises. By exhibit attached to the sentence, items were listed which appellant could retain in order to carry on his *housemoving* business. However, there was no apparent consideration given to the continuation of appellant's *building demolition* business. The uncontroverted evidence in the record, not contradicted by the jury verdict, is that Farmer had established a legal nonconforming use of his property for his building demolition business as well as his housemoving business.

Admittedly, the suspension of a sentence is not a matter of right but rather a matter of discretion with the trial court as provided in RCW 9.92.060.[2] *State v. Giraud*, 68

---

[2]"Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be

Wn.2d 176, 412 P.2d 104 (1966). This statute has been held to provide authority for the court to suspend a sentence with such conditions as bear a reasonable relation to the defendant's duty to make reparation, or as tend to prevent the future commission of crimes. *State v. Summers,* 60 Wn.2d 702, 375 P.2d 143 (1962). Undoubtedly, the imposition of the condition herein upon the suspension of the sentence was well intentioned. Regrettably, the court inadvertently overlooked the lawful existence of the appellant's building demolition business. The conditions of the suspended sentence, as currently imposed, have the effect of depriving the appellant of items necessary to continue this business. We are, therefore, constrained to hold this condition invalid. For that reason, we must vacate the judgment and sentence and remand for resentencing consistent herewith. *State v. Summers, supra.*

Reversed and remanded.

PEARSON and ARMSTRONG, JJ., concur.

---

placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine: *Provided,* That as a condition to suspension of sentence, the court may require the convicted person to make such monetary payments, on such terms as the court deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, and (3) to pay any fine imposed and not suspended and the court or other costs incurred in the prosecution of the case, including reimbursement of the state for costs of extradition if return to this state by extradition was required. In no case shall a sentence be suspended under the provisions of this section unless the person if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced: *Provided,* That persons convicted in justice court may be placed under supervision of a probation officer employed for that purpose by the board of county commissioners of the county wherein the court is located."