**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46351-2-II |
| Respondent, | |
| v. | |
| MICHAEL S. SCHEEF, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Michael S. Scheef appeals his convictions for reckless burning in the first degree and making a false statement to a public servant. Scheef argues that the evidence was insufficient to show that his false statement was material. He also argues that the trial court made notations on the jury instructions that constituted impermissible comments on the evidence. We hold that the evidence was sufficient to show that Scheef's false statement was material because it was reasonably likely to be relied upon by law enforcement. We reject Scheef's allegation that the trial court commented on the evidence because the record does not support this allegation. We affirm his convictions.

FACTS

On September 30, 2013, there was a fire in a residence and a motor home on property just outside the Montesano city limits. Scheef's father owned the property, and Scheef lived in the residence. Grays Harbor Deputy Sheriff Jason Wecker responded and concluded that the fires were separate because nothing was burning between the residence and the motor home.

Scheef was not at the scene, but Wecker discovered that Scheef had stopped by a friend's house on the day of the fire. After contacting Scheef by phone, Wecker arranged to meet him at

the residence on October 3. A fire investigator for the insurance company, an adjustor, Scheef's father, and retired Deputy Steve Smith were also on the property.

Scheef told the deputies that he had been abducted by three men, taken to Shelton, and dropped off. He said that the men ran him out of town because of his marijuana business and that he returned on October 2 after a two-day walk back. He denied stopping at his friend's house on the day of the fire and said he was never there because he was abducted. After further discussion, Wecker told Scheef that his story did not add up and that he knew Scheef had not been abducted. Scheef then admitted that after accidentally setting the house on fire, he set the motor home on fire because he wanted it to look like he had been run out of town.

The State charged Scheef by amended information with arson in the second degree, reckless burning in the first degree, and making a false or misleading statement to a public servant. The law enforcement officers testified to the facts cited above, and Scheef and his father testified for the defense. The jury acquitted Scheef of arson but found him guilty of the remaining charges. The trial court imposed consecutive sentences of 90 days on the reckless burning charge and 364 days on the false statement charge, with all but 6 months of the latter sentence suspended. Scheef appeals his convictions.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE: MAKING A FALSE STATEMENT

Scheef argues that the evidence was insufficient to prove that his false statement about his abduction was material. We disagree.

"The State must prove every essential element of a crime beyond a reasonable doubt for a conviction to be upheld." *State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995). To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable

to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). A claim of insufficient evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

RCW 9A.76.175 proscribes "knowingly mak[ing] a false or misleading material statement to a public servant." A material statement is "a written or oral statement reasonably likely to be relied upon by a public servant in the discharge of his or her official powers or duties." RCW 9A.76.175; *see* Clerk's Papers (CP) at 47 (Instr. 17). To prove that a false statement is material, the person making the statement must know that the public servant is reasonably likely to rely on the statement. *State v. Godsey*, 131 Wn. App. 278, 291, 127 P.3d 11 (2006); 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTION: CRIMINAL 120.04.01, cmt. at 475 (3d ed. 2008) (WPIC).

Scheef argues that the evidence does not show that Wecker relied on the abduction story, but RCW 9A.76.175 does not require actual reliance. *Godsey*, 131 Wn. App. at 291. In *Godsey*, the evidence was sufficient to show that the defendant's denial of his true identity was material even where the arresting officers knew that he was Ray Godsey. 131 Wn. App. at 291. The *Godsey* court held that despite that knowledge, the jury could reasonably infer that the defendant knew it was "reasonably likely" that the officers would rely on his false information to confirm his

identity. 131 Wn. App. at 291. Consequently, the evidence was sufficient for the jury to reasonably infer that the statement was material. *Godsey*, 131 Wn. App. at 291

When viewed in the light most favorable to the State, the evidence shows that Scheef's story about his abduction was material to the investigation of the fire. The fact that Wecker eventually challenged Scheef's story does not disallow the reasonable inference that Scheef knew it was reasonably likely that the deputies would rely on his false statement. We conclude that the evidence was sufficient to prove that Scheef's false statement was material, and we affirm his conviction for making a false statement to a public servant.

II.    COMMENT ON THE EVIDENCE

Scheef also argues that the trial court commented on the evidence by making handwritten notations on two jury instructions. The Washington Constitution explicitly prohibits judicial comments on the evidence. WASH. CONST. art. IV, § 16; *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006).

The record shows that the word "maliciously" is circled on the "to convict" instruction for arson in the second degree, which required a finding that Scheef acted knowingly and maliciously in causing a fire. CP at 43 (Instr. 7). The record also shows that the word "Guilty" is handwritten in the margin of the "to convict" instruction for reckless burning in the first degree. CP at 44 (Instr. 8).

The record does not show who made these handwritten notations or otherwise refer to them. It is Scheef's burden on appeal to furnish us with a statement of facts sufficient to support his assignment of error. *State v. Holbrook*, 66 Wn.2d 278, 280, 401 P.2d 971 (1965). Because Scheef's allegation that the trial court made these notations is based on speculation rather than fact, we decline to consider it further. *See State v. Blight*, 89 Wn.2d 38, 46, 569 P.2d 1129 (1977)

(reviewing court may not speculate about existence of facts if they are not in the record). If Scheef has evidence outside the record to support his claim, he may submit it with a personal restraint petition. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Bjorgen, A.C.J.

Sutton, J.